July 27, 1978

**78-43  MEMORANDUM OPINION FOR THE
COMMISSIONER, INDIAN CLAIMS
COMMISSION**

**Act of August 13, 1946 (25 U.S.C. § 70b(c))—
Restriction on Activities of Former Members of the
Indian Claims Commission**

This is in response to your request for our opinion whether a certain restriction on activities of the Indian Claims Commission contained in § 2 of the Act of August 13, 1946, 25 U.S.C. § 70b(c), will remain in effect after September 30, 1978, when the Commission goes out of existence. We conclude that the statutory restriction will remain in effect.

The restriction reads:

No Commissioner shall engage in any other business, vocation, or employment during his term of office nor shall he, during his term of office or for a period of two years thereafter, represent any Indian tribe, band, or group in any matter whatsoever, or have any financial interest in the outcome of any tribal claim. Any person violating the provisions of this subsection shall be fined not more than $10,000 or imprisoned not more than two years, or both.

The statute is not limited to prohibiting a former Commissioner from representing an Indian tribe, band, or group in a specific matter in which he participated personally and substantially or which was under his official responsibility as a Commissioner; that is independently required by 18 U.S.C. § 207 and rules of professional ethics for attorneys. Nor is the statute limited to the representation of an Indian tribe, band, or group before the Indian Claims Commission. The rationale of a prohibition of this type is to prevent a former Commissioner from using any residual influence he may have with his former colleagues or with Commission staff members or using inside knowledge of the Commission's procedures or tentative conclusions in pending cases for the benefit of a claimant.

The statute sweeps broadly, prohibiting a former Commissioner from representing an Indian tribe, band, or group ''in any matter whatsoever'' for a

2-year period after his term of office. The purpose is to remove any possible temptation for a Commissioner to take official action favoring a particular Indian group in the hope of obtaining private employment from them. By imposing an absolute bar, the statute also serves to assure the public that the integrity of the Commission has not been compromised in this manner. Most of these purposes are furthered by interpreting the 2-year bar in § 2 of the Act as remaining in effect even after the Commission goes out of existence.

Construing the prohibition to remain in effect after the Commission ceases to exist is also consistent with the language and structure of the Act establishing the Indian Claims Commission. Section 23 of the 1946 Act, 60 Stat. 1055, provided that the existence of the Commission would terminate within 10 years of its first meeting or at such earlier time after the expiration of the 5-year period of limitation in the Act. The date for dissolution of the Commission has been extended several times, most recently to September 30, 1978. (Pub. L. 94-465, 90 Stat. 1990), but reference to § 23 of the original Act indicates that eventual dissolution was foreseeable from the outset. If Congress had intended the restriction in § 2 of the Act to be of no effect after dissolution, it could have so provided.

Section 3(a) of the 1946 Act, 25 U.S.C. § 70b(b), provides that the Commissioners shall hold office during good behavior "until the dissolution of the Commission." Thus, the "term" of a Commissioner has always run until the dissolution of the Commission. In these circumstances, we believe that the prohibition against representation of any Indian tribe, band, or group during a Commissioner's term of office and "for a period of two years thereafter" must be read to remain in effect after dissolution of the Commission.

MARY C. LAWTON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*